IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN

GREEN BAY DIVISION

**Hilario Tenopala Hernandez &**
**Armando Perez Zarate,**

       Plaintiffs,                   Case No.   19-cv-1093

    v.

**Lauer Farms, INC.,**

       Defendant.

## COMPLAINT

## PRELIMINARY STATEMENT

The plaintiffs, migrant farmworkers Hilario Tenopala Hernandez and Armando Perez Zarate ("Plaintiffs") were brought to the United States under the federal H-2A visa program in 2017. Defendant, Lauer Farms INC ("Lauer" or "Defendant") regularly recruited migrant farmworkers to harvest cucumbers in Wisconsin. The Plaintiffs were recruited to work for Lauer from a farm in Georgia rather than from outside the country. During the period of their employment, Lauer violated Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), by failing to pay them the minimum wage in each work week. Lauer also violated plaintiffs' rights under Wisconsin's Migrant Labor Act, Wis. Stat. § 103.90 *et. seq.*; committed breach of contract; and violated Wisconsin's wage payment and minimum wage laws under Wis. Stat. § 109 *et. seq.* and Wis. Stat.§ 104.02.

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, for claims arising under the laws of the United States; 28 U.S.C. § 1337, for claims arising under the federal laws regulating commerce; and 29 U.S.C. § 216(b) for claims arising under the Fair Labor Standards Act. Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Wisconsin statutory and common law claims, because these state law claims are so closely related to the federal claims that they form a part of the same case or controversy.

2. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) and (c), because the acts or omissions giving Plaintiff's claims occurred in this District and because Defendant's principal place of business is located in this District.

## PARTIES

3. Plaintiffs, Hilario Tenopala Hernandez and Armando Perez Zarate, are citizens of Mexico. During the time periods relevant to this action, Plaintiffs were admitted to the United States pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a), commonly referred to as the "H-2A program." Workers admitted to the U.S. on H-2A visas are commonly referred to as H-2A workers.

4. Defendant, Lauer Farms, INC. ("Lauer" or "Defendant") is a domestic for-profit corporation organized under the laws of Wisconsin with its principal place of business in Wautoma, Wisconsin. Lauer Farms produces goods for sale in interstate commerce, including cucumbers for processing into pickles.

5. Defendant Michael Lauer is a natural person residing in Waushara County, Wisconsin. At all relevant times, Defendant Lauer acted directly or indirectly in the interest of the corporate defendant in relation to its employees, including acting as its registered agent

for service of process, completing its employment certification application, and making hiring, firing, and related organizational decisions. As such, Michael Lauer is individually liable as an employer under the FLSA, 29 U.S.C. § 203(d).

## FACTS

**Defendant files applications to employ foreign workers through the H-2A program**

6. An agricultural employer in the United States may import foreign workers to perform labor of a temporary nature if the United States Department of Labor (USDOL) certifies that: (1) there are insufficient available workers within the United States to perform the job; and (2) the employment of foreign workers will not adversely affect the wages and working conditions of similarly situated U.S. workers. 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1188(a)(1). Foreign workers admitted into the U.S. in this fashion are customarily referred to as "H-2A workers."

7. Agricultural employers seeking admission of H-2A workers must first file a temporary employment certification application with the USDOL, under 20 C.F.R. § 655.130. This application must include a job offer, commonly referred to as a "clearance order" or "job order," complying with applicable regulations, which is used in the recruitment of both U.S. and H-2A workers. 20 C.F.R. § 655.121(a)–(c). The H-2A regulations establish the minimum benefits, wages, and working conditions that must be offered to H-2A workers to avoid adversely affecting U.S. workers. 20 C.F.R. §§ 655.0(a)(2), 655.122, 655.135.

8. Agricultural workers who come to the U.S. on H-2A visas must continue working for a sponsoring agricultural employer to remain in the U.S. on the H-2A visa. H-2A workers may go from one agricultural employment offer to another H-2A employment offer. See, 8 CFR § 274a.12 (b)(21).

### Defendant's 2017 H-2A program application

9. Alleging a lack of available U.S. agricultural workers in its area of operation, Lauer filed an application to employ temporary foreign workers through the H-2A program during the 2017 season.

10. Lauer's temporary labor certification application for the 2017 season sought admission of 52 workers from May 27, 2017 to September 5, 2017 – with an anticipated work week of 40 hours per week.

11. Lauer submitted a certification to the United States Department of Labor (USDOL) that the clearance orders encompassed all material terms and conditions of the job and described the actual terms and conditions of employment being offered, as required by 20 C.F.R. § 653.501(c)(iv). Defendant's H-2A application for the 2017 season is attached as Exhibit A.

12. In its application, Lauer assured USDOL, under penalty of perjury that, among other things, it would:

    a. Pay workers the listed piece rate or at the adverse effect wage rate of $12.75 per hour, whichever is higher (Exhibit A, page 11).

    b. Comply with all Federal and State Employment related laws (Exhibit A, page 8).

13. Based on the information Defendant provided, the USDOL granted Lauer permission to begin the process of importing foreign laborers. On or about May 5, 2017, Lauer farms filed a Petition for a Nonimmigrant Worker (Form I-129) on behalf of Mr. Perez Zarate and Mr. Tenopala Hernandez.

### Defendant recruits Hilario Tenopala Hernandez and Armando Perez Zarate

14. In the spring of 2017, Plaintiffs, Hilario Tenopala Hernandez and Armando Perez Zarate were employed with another H-2A farm in Georgia. They heard about the job in Wisconsin through a co-worker and "put their names on a list" to work in Wisconsin after the work in Georgia ended.

15. Neither Mr. Tenopala Hernandez nor Mr. Perez Zarate received any information from Defendant about the type of work, wage rate or working conditions before they traveled to Wisconsin. They did not know about the piece rate structure based on cucumber size. (Exhibit A, page 6).

16. From another worker, Mr. Tenopala Hernandez heard that he could make about $1000 per week and was excited about this possibility.

17. Mr. Tenopala Hernandez also knew that he would get paid based on what he picked and that the work would be harvesting cucumbers for pickles.

18. He did not know he was entitled to receive pay of $12.75 per hour for each hour worked. In late June, Mr. Tenopala Hernandez and Mr. Perez Zarate boarded a bus with other workers from Georgia. They arrived at Lauer farms on or about June 26, 2017 and started work on June 27, 2017.

### Plaintiffs arrive in Wisconsin and begin farm work

19. Lauer Farms did not provide Plaintiffs with any written work agreement or any guarantee regarding working arrangements on either June 26 or June 27, 2017.

20. During the first few weeks of work, defendants worked about 8 hours per day on tasks such as weeding and rock picking.

21. After the harvest started, the bus would leave the camp as early as 4:30 am and Plaintiffs and other workers would begin work around 4:45 or 5:00 a.m. Normally, Plaintiffs would finish work around 6:00 pm; but, on some evenings, they continued harvesting until dark.

22. The pay records that defendants have provided to plaintiffs are inaccurate and unreliable. For example, one record contains a 2018 date for a time sheet that corresponds with work done in 2017. Additionally, the records for some dates show Plaintiffs finishing as early as 10:00 am and none of the records show the Plaintiffs working after 2:00 pm.

23. In at least two weeks in July and August of 2017, the Plaintiffs earnings totaled less than the amount due under the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a). For example, during the work week ending July 13, 2017, Plaintiffs worked over 30 hours and received pay of $108.38, an hourly rate of less than $4.00 per hour.

24. In multiple weeks, the Plaintiff's earnings totaled less than the amount due under the adverse effect wage rate that defendant had promised in its job order work contract. For example, during the work week ending July 30, 2017, Plaintiffs worked over 86.5 hours, and received $351.73, an hourly rate of approximately $7.85 per hour.

**Defendant fails to improve pay and working conditions and Plaintiffs leave Wisconsin**

25. On or about August 3, 2017, Mr. Perez Zarate and Mr. Tenopala Hernandez raised concerns and expressed frustration with one of the supervisors regarding the hours of work and pay. Later that day, Plaintiffs and a few other workers had a meeting with management at the house/main office.

26. Plaintiffs said they were working lots of hours and earning very little and indicated they were not being respected. Plaintiffs indicated that they preferred to return to Mexico than

6

to work under these conditions.  Defendant indicated that Plaintiffs were free to leave employment.

27. Plaintiffs asked for payment of their return travel costs.  Lauer refused to pay those costs. Plaintiffs left and paid their own return travel costs to Mexico.

## I. FIRST CAUSE OF ACTION: Fair Labor Standards Act

28. By failing to pay the Plaintiffs the minimum wage in each workweek, Defendant violated the Plaintiffs' rights under the FLSA, 29 U.S.C. § 206(a), for which the Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 216(b).

29. As a consequence of Defendants willful violation of the Fair Labor Standards Act, the Plaintiffs suffered injury and are entitled to their unpaid minimum wages, an equal amount in liquidated damages, costs of court, and attorney's fees pursuant to 29 U.S.C. § 216(b).

## II. SECOND CAUSE OF ACTION: Wisconsin Migrant Labor Act (WMLA)

30. At all relevant times, Plaintiffs were migrant workers under Wis. Stat. § 103.90(5)(a) because they left their principal place of residence in order to accept temporary employment in qualifying agricultural work.

31. Defendant violated Wis. Stat. § 103.915(1)(a) when it failed to provide Plaintiffs with written disclosure at the time of recruitment.

32. Defendant violated Wis. Stat. § 103.915 (1)(b) when it failed to provide Plaintiffs with work agreements at the time of hiring.

33. Defendant violated Wis. Stat. § 103.93(1)(b) when it failed to pay Plaintiff in full for all wages due within three days after the termination of the period of employment.

Because of Defendant's violations, Plaintiffs are entitled to statutory damages under
Wis. Stat. § 103.97(1)(a), with each day of continued violation constituting a separate offense.

### III. THIRD CAUSE OF ACTION: Breach of Contract

34. Under Wis. Stat. § 103.915(1)(b), Lauer was required to enter into written work agreements with Plaintiffs at the time of hire. These legally required work agreements are employment contracts between migrant workers and employers.

35. Additionally, in the absence of a separate, written work contract entered into between the employer and the worker, the required terms of the job order and the certified *Application for Temporary Employment Certification* will be the work contract." 20 C.F.R. § 655.122 (q).

36. Because Defendant failed to provide Plaintiffs with any written contract, including the legally required disclosures under Wis. Stat. § 103.915(1)(b), Defendant's certified Application for Temporary Employment Certification and the required terms of the job order constitute the employment contract between Defendant and Plaintiffs. This binding agreement included a guarantee of payment of at least $12.75 per hour.

37. Plaintiffs accepted work with Defendants and performed work under the contract with Defendants.

38. Defendant breached the contract with Plaintiffs when it consistently paid Plaintiffs at a rate below the adverse $12.75 effect wage rate required by 20 C.F.R. § 655.122(l). Defendant breached the contract when it failed to provide Plaintiffs with accurate written statements each payday. 20 C.F.R. § 655.122(k).

39. Defendant's breach of the employment contracts set forth in the certified *Application for Temporary Employment Certification* caused Plaintiffs damages.

8

40. Following Defendant's breach, plaintiffs left the employment and mitigated damages through subsequent employment in Mexico to the best of their ability.

### IV: FORTH CAUSE OF ACTION: Wisconsin Wage Claim and minimum Wage Violation

41. During the time in question, Defendants were "employers" within the meaning of Wis. Stats. §§ 103.001(6) and 104.01(3) and Plaintiffs were employees under Wis. Stats. §§ 103.001 (5), 104.01 (2), and 109.01(1r).

42. Defendant violated Wis. Stat. § 104.035 when it failed to pay Plaintiffs a minimum wage of $7.25 per hour during each week of employment.

43. Defendant violated Wis. Stat. § 109.031 when it failed to pay Plaintiffs all wages earned when due.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs Hilario Tenopala Hernandez and Armando Perez Zarate respectfully request that this Court:

A. Declare that Defendant violated the Plaintiffs' rights under the minimum wage provisions of the FLSA at 29 USC § 206(a).

B. Grant judgment in favor of Plaintiffs on their FLSA minimum wage claim as set forth in their First Cause of Action and award them their unpaid minimum wages and an equal amount in liquidated damages. .

C. Grant judgment in favor of Plaintiffs and against Defendants, on their claims under WMLA, as set forth in the Second Cause of Action and award each Plaintiff statutory damages for each violation of the WMLA, with each day constituting a separate violation.

D. Grant judgment in favor of Plaintiffs and against Defendant on the breach of contract claim as set forth in the Third Cause of Action.

E. Award each Plaintiff his actual and consequential damages for the breach of contract, including, but not limited to, the loss of earnings suffered by plaintiffs had the contract terms been fully met by Defendant.

F. Grant judgment in favor of Plaintiffs, on their claims under Wis. Stat. § 104 and Wis. Stat. § 109, as set forth in the Forth Cause of Action and award each Plaintiff his unpaid wages and penalties under Wis. Stat. § 109.11(2).

G. Award Plaintiffs the costs of this action.

H. Award Plaintiffs reasonable attorneys' fees.


Dated this 29th of July 2019.

Respectfully submitted,

Legal Action of Wisconsin
Attorneys for Hilario Tenopala Hernandez and Armando Perez Zarate


By: s/ Erica Sweitzer-Beckman,
Erica Sweitzer-Beckman, SBN 1071961
Legal Action of Wisconsin
744 Williamson Street, Suite 200
Madison WI 53703
elb@legalaction.org
Telephone: 608-256-3304 x 2019
Fax: 608-656-0510