# SETTLEMENT AND RELEASE AGREEMENT

## RECITALS

This Agreement and Release ("Agreement") sets forth the mutual understanding between Plaintiffs, Hilario Tenopala Hernandez and Armando Perez Zarate ("Plaintiffs"), and Defendants, Michael Lauer and Lauer Farms, Inc. ("Defendants"), regarding the settlement of all claims asserted by Plaintiffs against Defendants in Case number: 1:19-cv-1093 *Tenopala Hernandez et al v. Lauer et al,* United States District Court for the Eastern District of Wisconsin, Green Bay Division (the "Lawsuit").

The Plaintiffs have brought the Lawsuit against Defendants, alleging violations of federal law, in particular, the Fair Labor Standards Act (29 USC §§ 201 et seq., "FLSA") as well as Wisconsin contract law, Wisconsin Migrant Labor Act (Wis. Stats. §§ 103.90*et. seq*) and Wisconsin Wage Violations.

In consideration of the mutual promises contained in this Agreement, the Plaintiffs and the Defendants, having independently concluded that it is in their respective best interests to do so, agree as follows:

A) **Jurisdiction.** The United States District Court for the Eastern District of Wisconsin, Green Bay Division ("the District Court") will retain jurisdiction of the action with respect to the claims resolved by the Agreement solely for the purpose of interpreting, implementing, and enforcing the Agreement consistent with the terms herein.

B) **No Admission of Liability.** Parties agree that settlement is made to dispose of the Lawsuit in an efficient and mutually agreeable manner, and the fact of settlement shall not be construed as an admission (by Defendants) of liability, or admission (by Plaintiffs) that the claims lacked merit.

C) **Court Approval of Settlement Agreement.** On or about September 23, 2019 the parties will jointly submit this Agreement to the United States District Court for the Eastern District of Wisconsin, Green Bay Division together with a Motion for an Order approving the settlement of the Fair Labor Standards Act claims. Should the Court deny the joint motion seeking approval of this Agreement with respect to the FLSA claims, the parties will make reasonable efforts to renegotiate the Agreement and shall seek Court approval for the renegotiated Agreement. If no mutually agreed settlement is approved by the Court, the Lawsuit will proceed as if no settlement had been attempted.

D) **Consideration for Settlement.** Within (10) calendar days from the Court's order approving the settlement agreement, the Defendants agree to pay the total amount of $3880 (the "Settlement Funds"), payment of which shall be made as follows.
   1. One payment to "Legal Action of Wisconsin FBO Hilario Tenopala Hernandez" in the amount of $1100 USD, allocated to back wages. Defendants will make and report no tax withholding and use a miscellaneous pay period of 365 days. This payment shall be reported by Defendant Lauer Farms, Inc to the IRS and to the Wisconsin Department of Revenue on Form W-2 no later than 1/31/2020. Defendant Lauer Farms, Inc. shall issue Plaintiff Tenopala Hernandez this Form W-2 by mailing it to c/o Attorney Erica Sweitzer-Beckman, Legal Action of Wisconsin, 744 Williamson Street, Suite 200, Madison, WI 53703 no later than 1/31/2020.
   2. A second check made payable to "Legal Action of Wisconsin FBO Hilario Tenopala Hernandez" in the amount of $540 with no withholdings allocated to non-wage penalties. This payment shall be reported by Defendant Lauer Farms, Inc. to the IRS and the Wisconsin Department of Revenue on a Form 1099-MISC on line 3 as "[o]ther income" no later than 1/31/2020. Defendant Lauer Farms Inc. shall issue this Form 1099-MISC to Plaintiff Tenopala Hernandez by mailing form to c/o Attorney Erica Sweitzer-Beckman, Legal Action of Wisconsin, 744 Williamson Street, Suite 200, Madison, WI 53703 no later than 1/31/2020.
   3. A third check made payable to "Legal Action of Wisconsin FBO Armando Perez Zarate" in the amount of $1100 USD, allocated to back wages. Defendants will make and report no tax withholding and use a miscellaneous pay period of 365 days. This payment shall be reported by Defendant Lauer Farms, Inc to the IRS and to the Wisconsin Department of Revenue on Form W-2 no later than 1/31/2020. Company shall issue Plaintiff Perez Zarate this Form W-2 by mailing it to c/o Attorney Erica Sweitzer-Beckman, Legal Action of Wisconsin, 744 Williamson Street, Suite 200, Madison, WI 53703 no later than 1/31/2020.
   4. A forth check made payable to "Legal Action of Wisconsin FBO Armando Perez Zarate" in the amount of $540 with no withholdings for non-wage penalties. This payment shall be reported by Defendant Lauer Farms, Inc to the IRS and the Wisconsin Department of Revenue on a Form 1099-MISC on line 3 as "[o]ther income" no later than 1/31/2020. Defendant Lauer Farms, Inc shall issue this Form 1099-MISC to Plaintiff Perez Zarate by mailing form to c/o Attorney Erica Sweitzer-Beckman, Legal Action of Wisconsin, 744 Williamson Street, Suite 200, Madison, WI 53703 no later than 1/31/2020.
   5. A fifth check made payable to "Legal Action of Wisconsin" for the sum of $600. This payment represents costs and attorney's fees to pursue Plaintiffs' FLSA claims. The parties acknowledge that this amount does not represent

Case 1:19-cv-01093-WCG   Filed 09/24/19   Page 2 of 5   Document 7-2

Plaintiffs' attorneys' hourly rate or the time spent researching the case and preparing the pleadings. Rather, the parties agree upon on the amount in the interest of swift settlement of this case prior to discovery.
6. The parties recognize that Plaintiffs were employed pursuant to an H-2a visa and, therefore, their wages are not subject to Medicare or FICA withholdings.
7. To the extent that there are tax-related consequences arising from the payments made under this Agreement, the parties agree that they shall each bear their own responsibility for such consequences and that neither party shall indemnify the other party for the consequences arising out of such payments.
8. If Defendants default in timely making the payments described above, Plaintiffs" attorney shall provide, via Certified mail or other delivery service that can be tracked, a notice of default to Defendants. Defendants will have (10) calendar days from the date of receipt of the notice of default to pay the amount owed. In the event Defendants further default in making payment, Plaintiffs shall have the right, at their option, to either: 1) set aside and repudiate this Agreement and continue the Lawsuit; or 2) enforce the terms of this Agreement before the Court.
9. For purposes of this Agreement, Plaintiffs shall be deemed to receive the Settlement Funds on the day the Settlement Funds are received by Plaintiffs' counsel.
10. Plaintiffs and Defendants are represented by the undersigned counsel. Counsel for all parties have discussed the parties' bona fide disputes. Additionally, Plaintiffs and their counsel represent that this Agreement compensates Plaintiffs for 100% of the compensatory and liquidated damages owed for Defendants' alleged minimum wage violations under the FLSA.

### E) No retaliation
1. **Retaliation.** Defendants agree that they will not retaliate against Plaintiffs because they asserted claims against Defendants. Retaliatory action includes any action, direct or indirect, including written and oral statements, that could interfere with a Plaintiff's ability to obtain employment elsewhere.
2. **Neutral Reference.** To the extent Defendants are contacted regarding a Plaintiff's work history with Lauer Farms, Defendants will only verify a Plaintiff employee's position, job duties, and dates of employment and will provide no additional information.

### F) Stipulation of Dismissal

Within (10) days of receiving the Settlement Funds as provided in section D), Plaintiffs shall execute and file a Stipulation of Dismissal with prejudice. If Plaintiffs fail to file a

timely stipulation of dismissal, Defendants' attorney shall provide, via Certified Mail or other delivery service that can be tracked, a notice of default to Plaintiffs. Plaintiffs will have ten (10) calendar days from the date of the receipt of the notice of default to file the stipulation of dismissal. In the event Plaintiffs further default in timely filing the stipulation of dismissal, Defendants shall have the right to enforce the terms of this Agreement before the Court

G) **Court Approval**: This Agreement is contingent upon its approval by the Court of the FLSA portion of this Agreement. If the Court orders modifications to this Agreement, the modified Agreement is contingent upon Court approval and upon the parties' agreement to the modifications. The parties shall take all steps as may be reasonably necessary to secure approval of the Agreement, to the extent not inconsistent with the terms of this Agreement, and they shall not take any action adverse to each other in obtaining approval by the Court.

H) **Miscellaneous**

1. **Authority**: Plaintiffs' attorney represents that she is authorized to negotiate and execute this Agreement on behalf of Plaintiffs, in their individual capacities. Similarly, Defendants' attorney represents that he is authorized to negotiate and execute this Agreement on behalf of Defendants, in their individual capacities.

2. **Interpretation of the Agreement.** This Agreement shall e interpreted and enforced under the federal laws of the United States and under laws of the State of Wisconsin. Any claim arising out of or relating to the Agreement, or the subject matter hereof, shall be resolved solely and exclusively in the District Court, and the parties hereby consent to the personal jurisdiction and subject matter jurisdiction of the Court in connection therewith.

3. **Counterparts.** This Agreement may be executed in one or more originals or counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

4. Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including but not limited to, any interest in the Lawsuit.

5. This Agreement constitutes the entire agreement between the Plaintiffs and Defendants.

FOR THE DEFENDANTS:

Page 4 of 5

Case 1:19-cv-01093-WCG   Filed 09/24/19   Page 4 of 5   Document 7-2

*[Signature]*

Robyn Joy Blader  
Blader Law Office LLC  
Attorney for the Defendants

Date 9/23/19

FOR THE PLAINTIFFS:

*[Signature]*

Erica Sweitzer-Beckman  
LEGAL ACTION OF WISCONSIN, INC.  
Attorney for the Plaintiffs

Date 9/23/19